## No. 229
### HEDDESHEIMER, Admr., etc., v. MILLIKEN

Ohio Appeals, 9th Dist., Summit County
No. 767. Decided Dec. 10, 1923

4. ABORTION—In civil action for damages for abortion, when a petition does not allege want of consent, not to be inferred that consent was given—Liable regardless of consent.

921. PHYSICIAN AND SURGEON—Administrator of deceased woman can recover from physician for performing an abortive operation resulting in injury—Where it is claimed that physician concealed the true condition of deceased, a good cause for action for malpractice exists.

WASHBURN, J.
#### Epitomized Opinion
Published Only in Ohio Law Abstract

Heddesheimer, administrator of one Triplett, brought this action against Dr. C. W. Milliken to recover damages for the wrongful death of Mrs. Triplett, in which it was claimed that death resulted to the deceased from the performance of an abortive operation by defendant. The petition in the first cause of action alleged that the operation was unnecessary and that defendant had not been advised by physicians to perform the same, and that it was unlawfully performed. The second cause of action alleged that the operation was negligently and carelessly done and that the defendant negligently and carelessly failed to make known the serious condition of the deceased after the performance of said operation or to furnish proper hospital and medical care. The defendant in his answer admitted that plaintiff was administrator, that he was a practicing physician and that he had attended the deceased professionally, but dened that he had performed the operation and denied any negligence or concealment on his part. The lower court rendered judgment on the pleadings in favor of defendant, whereupon plaintiff prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. As the petition does not allege that the abortion was committed with the consent or co-operation of the deceased, it cannot be said that such petition justified the interpretation that the operation was performed with her knowledge, consent and co-operation.

2. Where a doctor performs an abortive operation which is an unlawful and criminal act, he is liable therefor regardless of whether consent is given thereto by the woman or not, as any consent given to the commission of a crime is void.

3. As the second cause of action set forth malpractice in treatment of the deceased after performance of the abortive operation for the reason that it was not necessary for the plaintiff to prove as a part of his cause of action the illegal contract of the deceased or other illegal transaction, a good cause of action was stated.

Attorneys—May & May and C. G. Rotzel, for Heddesheimer; Rockwell & Grant, for Milliken; all of Akron.